The order below is hereby signed.

Signed: February 3 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| In re: | Case No. 22-00004-ELG |
|---|---|
| Richard A. DiGioia, | Chapter 7 |
| Debtor. | |

### MEMORANDUM OPINION AND ORDER

The Court has before it (i) the *Motion of Acting United States Trustee to Review the Conduct of Attorney Fees Under 11 U.S.C. § 329 and Disgorge Fees* (EFC No. 62) (the "Motion to Examine") filed by counsel for John P. Fitzgerald, III, Acting United States Trustee for Region 4 (the "U.S. Trustee"), the *Opposition* (ECF No. 69) filed by Richard S. Sternberg, Esquire; and (ii) Mr. Sternberg's *Motion for Summary Judgment and Hearing Brief* (ECF No. 97) (the "Motion for Summary Judgment") and the U.S. Trustee's *Opposition* (ECF No. 102). Following an evidentiary hearing (the "Hearing") on December 6, 2022, the Court issued an oral ruling denying the Motion for Summary Judgment and granting the Motion to Disgorge in the amount of $9,747.27. This Memorandum Opinion and Order memorializes the Court's oral ruling.

1

## I.  Background

Richard A. DiGioia (the "Debtor"), by counsel Mr. Sternberg, filed a voluntary petition[1] for relief under chapter 7 of the Bankruptcy Code[2] on January 11, 2022. Mr. Sternberg's electronic signature, dated October 25, 2021, appears on page 8 of the Voluntary Petition making him counsel of record once the case was filed. ECF No. 1, at 8. On January 12, 2022, the Clerk issued four separate orders directing the Debtor and/or the Debtor's attorney to cure certain deficiencies (the "Clerk's Orders"),[3] including as is relevant herein, an *Order Directing Debtor's Attorney to File Local Bankruptcy Rule 2016−2(a) Statement*. ECF No. 6. The response deadlines to the Clerk's Orders ranged from seven to fourteen days, with the latest deadline on January 26, 2022. Neither the Debtor nor Debtor's counsel timely cured the deficiencies.

On January 18, 2022, the chapter 7 trustee, by counsel, filed the *Trustee's Response to Various Court Orders* requesting, that despite the uncured deficiencies, the Court not dismiss the case until after the meeting of creditors. ECF No. 16. On January 21, 2022, Mr. Sternberg filed a *Motion for Extension of Time to File Additional Schedules and Supportive Documentation Until February 28, 2022* (the "Motion to Extend") seeking an extension to file the deficient documents through 11 days after the scheduled date for the § 341 meeting of creditors, 48 days after the filing of the petition.[4] ECF No. 18. On January 25, 2022, the chapter 7 trustee filed a *Response* to the

---

[1] Official Form 101, Voluntary Petition for Individuals Filing Bankruptcy, ECF No. 1 [hereinafter *Voluntary Petition*]. The Voluntary Petition was also filed as an attachment/exhibit to the other case opening documents filed with the Voluntary Petition. *See* ECF No. 1–1. In addition, each of the other case opening documents filed with the Voluntary Petition were filed in duplicate. *See* ECF Nos. 1–1 and/or 1–2.

[2] Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"). All section references herein shall be the Bankruptcy Code unless specifically stated otherwise.

[3] The other Clerk's Orders are as follows: *Order Directing Debtor to File Form 121 Statement About Your Social Security Numbers*, ECF No. 4; *Order to File Required Documents*, ECF No. 5; *Order to File a Mailing Matrix or Show Cause*, ECF No. 7.

[4] The Motion to Extend was filed an additional two times in response to certain filing deficiencies issued by the Court. *See* ECF Nos. 21, 22.

Motion to Extend (ECF No. 23), and on January 26, 2022 the Court set the Motion to Extend for hearing on February 2, 2022. *See* ECF No. 24.

Before the hearing on the Motion to Extend, on January 29, 2022, Harris Ammerman, Esq. noted his appearance on behalf of the Debtor, filed the deficient documents required by the Clerk's Orders including a disclosure of compensation stating that the Debtor had paid Mr. Ammerman $3,000 for representation in his chapter 7 case. *See* ECF Nos. 27, 29, 31, 32, 33. At the same time, Mr. Ammerman also filed the *Disclosure of Compensation of Attorney Richard S Sternberg for Debtor* dated January 11, 2022 (the "Attorney Fee Disclosure") stating that in addition to the $3,000 paid to Mr. Ammerman, the Debtor had paid Mr. Sternberg $2,500 for representation in his chapter 7 case. ECF No. 30. On February 1, 2022, Mr. Ammerman filed for Mr. Sternberg a *Notice of Withdrawal of Counsel* (the "Withdrawal") completing the replacement of counsel of record in this case. ECF No. 35. On February 1, 2022, the Court entered an order granting the Debtor's Motion to Extend through the actual date of filing the outstanding documents and canceling the February 2, 2022 hearing. ECF No. 36. The case then proceeded in the ordinary course with Mr. Ammerman representing the Debtor and the Debtor receiving his discharge on May 5, 2022. ECF No. 60.

On June 2, 2022, the U.S. Trustee filed the Motion to Examine, and on June 22, 2022, Mr. Sternberg filed his Opposition. Following an initial hearing on the Motion to Examine on July 6, 2022, the Court entered a scheduling order setting forth the operative dates as to the contested matter. ECF No. 71. As the result of delays arising from discovery disputes between Mr. Sternberg and the U.S. Trustee,[5] an *Amended Scheduling Order* was entered on September 29, 2022, resetting

---

[5] *See* Obj. to Combined Disc., ECF No. 75; Mot. for Sanctions for Complete Failure to Respond to Disc. & Mot. to Strike Lodged Objs., ECF No. 77; Mot. to Compel Produc. of Docs. & Extend Disc. Deadline, ECF No. 82; Opp'n to

3

the operative dates, and resetting the evidentiary hearing on the Motion to Examine for December 6, 2022. ECF No. 88. On November 14, 2022, Mr. Sternberg filed the Motion for Summary Judgment, and on November 22, 2022, Mr. Sternberg filed a *Notice of Motion for Summary Judgment and Deadline to Object* which stated interested parties had until November 28, 2022 to respond to the Motion for Summary Judgment.[6] *See* ECF Nos. 99 (deficiency notice), 101. Despite the short and arguably inadequate notice, the U.S. Trustee filed a succinct *Opposition* to the Motion for Summary Judgment by the stated response deadline. ECF No. 102.

On December 6, 2022, the Court convened the Hearing on the Motion to Examine and the related Motion for Summary Judgment. At the Hearing, the Court found that there were outstanding issues of material fact and denied the Motion for Summary Judgment. The Court then conducted the remaining portion of the Hearing on the Motion to Examine. Following the conclusion of evidence and closing arguments, the Court ruled upon the failure of Mr. Sternberg to completely and accurately disclose all fees received in connection with this bankruptcy case as required under § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b) (the "Bankruptcy Rules," and each individually a "Bankruptcy Rule") and ordered disgorgement to the Debtor. Upon request of Mr. Sternberg, the Court issues this Memorandum Opinion memorializing its oral ruling.

## II. Jurisdiction.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant

---

Trustee's Req. to Extend Disc., ECF No. 86; Order Granting Mot. to Compel Produc. of Docs. & Extend Disc. Deadline, ECF No. 89.

[6] The *Notice of Motion for Summary Judgment and Deadline to Object* was not in compliance with Local Bankruptcy Rule 9013-1(c).

4

to 28 U.S.C. §§ 1408 and 1409. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052.

### III.    Discussion.

a. *Motion for Summary Judgement*

Summary judgment is appliable in contested matters unless a court orders otherwise. Fed. R. Bankr. P. 9014(c) (including Bankruptcy Rule 7056 in the rules applicable to contested matters). The motion must be made at least 30 days before the initial date set for an evidentiary hearing set in a contested matter unless the court orders otherwise. Fed. R. Bankr. P. 7056. Here the Court ordered otherwise, and the Motion for Summary Judgment was timely filed under the Court's Amended Scheduling Order.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material where it "might affect the outcome of the suit under the governing law," and a dispute is genuine if resolution thereof "could establish an element of a claim or defense and, therefore, affect the outcome of the action." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Celotex*, 477 U.S. at 322. When evaluating a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Evans v. Sebelius*, 716 F.3d 617, 619 (D.C. Cir. 2013).

5

The Opposition argues that the Motion for Summary Judgment did not comply with Bankruptcy Rule 7056(c)(1), which requires that a party asserting that a fact cannot be disputed to support such assertions by citing to the record. Opp'n at 3, ECF No. 103. The Motion for Summary Judgment contains 11 paragraphs of factual assertions without a citation to the record. *See generally*, Mot. Summ. J., ECF No. 97. Based upon the Court's review of the Motion for Summary Judgment and the argument at the Hearing, it is clear that there are facts in dispute. The Court declined to take judicial notice of its docket, including the exhibits identified by the U.S. Trustee in connection with the Hearing on the Motion to Examine, for the purpose of substantiating the factual allegations. However, the Court may take judicial notice of facts that are not the subject of dispute. Fed. R. Evid. 201. Because the documents identified by the U.S. Trustee were not stipulated to by the parties before the Hearing, the Court declined to find that judicial notice was proper. Therefore, material facts were in dispute and the Motion for Summary Judgment was denied.

    b. *The Motion to Examine*

The Motion to Examine alleges that Mr. Sternberg should be ordered to disgorge fees received from the Debtor under two theories: 1) Mr. Sternberg's failure to comply with the disclosure requirements of § 329 and Bankruptcy Rule 2016; and/or 2) that the fees charged exceeded the reasonable value of services rendered by Mr. Sternberg to the Debtor under § 329 and Bankruptcy Rule 2017. Mot. Exam. at 11, ECF No. 62. The Court limited the evidentiary hearing to the first question, reserving the question of reasonableness of fees. Because the Court ordered disgorgement of substantially all fees under the first theory, the US Trustee did not move forward on the issue of reasonableness. Therefore, the Court makes no findings regarding the reasonableness of the fees received by Mr. Sternberg.

The disclosure requirements of § 329(a) and Bankruptcy Rule 2016 are mandatory and ongoing for any attorney representing a debtor in a case under the Bankruptcy Code.[7] *In re Storey*, Case No. 08-00198, 2009 Bankr. LEXIS 2547, at *5 (Bankr. D.D.C. June 29, 2009). Furthermore, the disclosure requirements are mandatory regardless of whether the debtor believed that the services rendered were adequate or the fees received fair. *See* Fed. R. Bankr. P. 2016 (explaining "[e]very attorney for a debtor … shall" file the required disclosures under Bankruptcy Rule 2016). The disclosure requirement exists in part to protect the "integrity of the bankruptcy system." *In re Hooper*, No. 93-11599-AB, 2001 Bankr. LEXIS 2379, at *39–40 (Bankr. E.D. Va. Oct. 29, 2001) ("[T]he disclosure requirements of § 329 and Bankruptcy Rule 2016 do not exist solely to protect the debtor and the bankruptcy estate against overreaching attorneys, but also to protect the integrity of the bankruptcy system."); *see also In re TJN, Inc.*, 194 B.R. 400, 403 (Bankr. S.C. 1996) ("The policy requiring timely disclosure of such matters under § 329 and Rule 2016(b) is central to the integrity of the bankruptcy process."); *In re Mayeaux*, 269 B.R. 614, 627 (Bankr. E.D. Tex. 2001) (citing *TJN*, 194 B.R. at 403).

To ascertain whether disclosures are compliant with § 329 and Bankruptcy Rule 2016, Courts employ both a subjective and objective test as to the types of information that must be included in such disclosures. *See Hearn v. Persels & Assocs., P.L.L.C. (In re Hearn)*, Case No.

---

[7] In relevant part:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, *shall* file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a) (emphasis added). "A supplemental [statement required by § 329] shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed." Fed. R. Bankr. P. 2016(b).

7

10-81355, 2011 Bankr. LEXIS 4258, at *11 (Bankr. M.D.N.C. Nov. 4, 2011). The subjective standard refers to fees received by counsel, or a payment agreement entered between counsel and the debtor for services rendered while the debtor was subjectively contemplating bankruptcy. *See Wootton v. Ravkind (In re Dixon)*, 143 B.R. 671, 675, n.3 (Bankr. N.D. Tex. 1992). The objective standard refers to the fees that were received in connection with services that are "intertwined with" or "objectively determined" to affect the bankruptcy case. *In re Keller Fin. Servs. of Fla., Inc.*, 248 B.R. 859, 879 (Bankr. M.D. Fla. 2000); s*ee In re Storey,* 2009 Bankr. LEXIS 2547, at *6; *In re Gorski*, 519 B.R. 67, 72 (Bankr. S.D.N.Y. 2014) (quoting *In re Rheuban*, 121 B.R. 368 (Bankr. C.D. Cal. 1990) *rev'd in part on other grounds*, 124 B.R. 301 (C.D. Cal. 1990), *on remand*, 128 B.R. 551 (Bankr. C.D. Cal. 1991)). Moreover, case law makes clear that the scope of fees included in both the subjective standard and the objective standard is very broad. *Brown v. Luker (In re Zepecki)*, 258 B.R. 719, 724 (B.A.P. 8th Cir. 2001); *see also In re Storey,* 2009 Bankr. LEXIS 2547, at * 5–6.

Sanctions are appropriate when an attorney fails to disclose their fees pursuant to § 329 and Bankruptcy Rule 2016, because such disclosures are "central to the integrity of the bankruptcy process." *See In re Jackson*, 401 B.R. 333, 340 (Bankr. N.D. Ill. 2009) (quoting *In re Andreas*, 373 B.R. 864, 872 (Bankr. N.D. Ill. 2007)); *see also Walton v. Whitcomb (In re Whitcomb)*, 479 B.R. 133, 144 (Bankr. M.D. Fla. 2012). Like Article III courts, bankruptcy courts have the "inherent power to sanction parties for improper conduct." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996) (citing *In re Rainbow Mag., Inc.*, 77 F.3d 278, 283–84 (9th Cir. 1996)). "Sanctions [for failure to disclose] can include partial or total denial of compensation as well as partial or total disgorgement of fees paid." *In re Jackson*, 401 B.R. at 340 (quoting *In re Andreas,* 373 B.R. at 872). Many courts order full disgorgement. *See In re*

*Downs*, 103 F.3d at 478 (noting "courts have consistently denied all fees" when attorneys fail to disclose as required by § 329 and Bankruptcy Rule 2016); *In re Jackson*, 401 B.R. at 341 (citing *In re Downs*, 103 F.3d at 477–78); *Walton v. Dellutri Law Grp. (In re Dellutri Law Grp.)*, 482 B.R. 642, 653 (Bankr. M.D. Fla. 2012).

### IV.     Analysis

The Debtor first consulted with Mr. Sternberg in October 2020 for advice related to his financial situation and a potential bankruptcy. The Debtor continued to consult with Mr. Sternberg and attorneys affiliated with his firm continuously over the next 15-month period leading up to the filing of the petition on January 11, 2022. Over that time, Mr. Sternberg presented the debtor with at least five retention agreements and corresponding invoices for the services rendered. The final pre-petition agreement and retainer were those disclosed by Mr. Sternberg in the Attorney Fee Disclosure, the remainder were not disclosed by Mr. Sternberg.[8]

The first retention agreement between Mr. Sternberg and the Debtor was in the form of an email on October 15, 2020, with the subject line "Retainer: Initial consult" and recommended that the parties "schedule an initial consult with the bankruptcy affiliate in my office, Sam Goldstein, to interview you as to whether bankruptcy could benefit you and your practice in getting through the prolonged Covid-19 shutdown," and set forth corresponding hourly fees for Mr. Sternberg and Mr. Goldstein. Ex. 22. The first agreement required a $250 payment as an initial retainer for the consultation, which the Debtor paid on or about October 21, 2020. Mr. Sternberg continued to bill the Debtor under the email agreement for a number of months.

---

[8] Following conclusion of the Hearing, Mr. Sternberg filed an amended Rule 2016 disclosure. ECF No. 107. That filing was not timely and is not considered by the Court herein.

There were at least four other retainer agreements presented to the Debtor including in February 2021, April 2021, August 2021, and December 2021. *See* Exs. 20, 21, 37 (unsigned retainer agreements dated February 12, 2021 subject line: "Richard A. DiGioia, M.D., Bankruptcy Reorganization"; April 6, 2021 subject line: subject line: "Richard A. DiGioia, M.D., Chapter 7 Bankruptcy Petition"; and August 26, 2021 subject line: "Richard A. DiGioia, M.D., Chapter 7 Bankruptcy Petition"). *See* Mot. Summ. J. at 3, ECF No. 97 (December 2021 agreement). It is clear from both the titles of the retention agreements as well as the time records from Mr. Sternberg's firm that the Debtor was contemplating bankruptcy as an option beginning with the initial October 2020 consolation through the date of filing. *See* Ex. 19 (time records). The Debtor may have vacillated between whether to seek protection under the Bankruptcy Code or not, but the requirement for disclosure is not that a debtor has definitively decided to file bankruptcy, but simply whether the debtor was contemplating a filing.

Under the various representation agreements, the Debtor made multiple payments to Mr. Sternberg between the initial consultation and the Petition Date. The parties classified payments as retainers, replenishments, or payments of outstanding invoices.[9] In some cases, the payments were made in conjunction with a representation agreement and others were simply payments on invoices for services under an existing agreement. Regardless of the title, each was a payment from the Debtor to Mr. Sternberg.

The Debtor made three payments to Mr. Sternberg in 2020 in the total amount of $1,000 more than one year prior to the Petition Date. The balance of the payments in the amount of

---

[9] The payments were made as follows: October 21, 2020 in the amount of $250.00; November 17, 2020 in the amount of $75.00; December 17, 2020 in the amount $675.00; January 13, 2021 in the amount $1,000.00; January 14, 2021 in the amount $300.00; April 8, 2021 in the amount $2,500.00; May 19, 2021 in the amount $390.00; September 14, 2021 in the amount $2,500.00; November 24, 2021 in the amount $557.27; December 23, 2021 in the amount $2,500.00; for a total of $10,747.27.

$9,947.27 were made on or after January 13, 2021, within one year of the Petition Date. Included in this total is the $2,500 paid by the Debtor on December 23, 2021 as the "retainer" for this chapter 7 case and which was included in the Attorney Fee Disclosure and clearly is in connection with this case. The balance of the 2021 receipts of $7,447.27 were received by Mr. Sternberg during the one-year pre-petition, during which the Debtor was contemplating bankruptcy and should have been disclosed as required by § 329(a). Therefore, the Court finds that Mr. Sternberg's disclosures in this case were deficient and violated § 329(a) as to the $7,447.27 paid by the Debtor in contemplation of bankruptcy in the one-year period prior to the Petition Date.

The Court must now decide on the appropriate remedy due to Mr. Sternberg's violation of the disclosure requirements of § 329(a). Mr. Sternberg argues, and the Court acknowledges, that there is no evidence before the Court that the Debtor questioned the fees incurred or services rendered by Mr. Sternberg. However, this is irrelevant when considering the remedy for a violation of § 329(a). A disclosure violation may result in sanctions regardless of actual harm to the estate. *Neben & Starrett v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995) (quoting *In re Maui 14K, Ltd.*, 133 B.R. 657, 660 (Bankr. Hawaii 1991)). Remedies for violations of § 329(a) are not compensatory for the Debtor but are sanctions for the violation of the Bankruptcy Code. *See In re Storey,* Case No. 08-00198, 2009 Bankr. LEXIS 2547, at *10 (Bankr. D.D.C. June 29, 2009) (quoting *In re Hackney*, 347 B.R. 432, 443 (Bankr. M.D. Fla. 2006)).

The evidence presented at the Hearing demonstrated that Mr. Sternberg and his affiliates counseled the Debtor on filing bankruptcy and assisted him in preparing bankruptcy schedules from very initiation of attorney-client relationship. The Bankruptcy Code and the Court's Local Form 102 (which contains the same introductory language as Official Form) make clear that the

11

disclosures required therein are for payments both connected to and in contemplation of the filing of a bankruptcy petition. Further, the Motion to Examine put Mr. Sternberg on specific notice of the deficient disclosure no later than June 2022, yet by the time of the evidentiary hearing six months later no further disclosure was made. The Court can make no finding other than Mr. Sternberg's failure to disclose the $7,447.27 paid within a year of the Petition Date in this case was intentional. There is no exception to the § 329(a) requirement, whether an attorney is filing their first case returning to practice after decades, or files frequently, the integrity of the bankruptcy system relies upon compliance with the disclosure requirements. *See In re Storey*, 2009 Bankr. LEXIS 2547, at *11 (quoting *In re Mayeaux*, 269 B.R. 614, 627 (Bankr. E.D. Tex. 2001) ("The bankruptcy system cannot function appropriately under a system in which 'disclosure is required only if the payment information "leaks" from another source.'"). Upon review of the continued, significant, intentional, and ongoing failure to disclose compensation as required under § 329(a) in this case, the Court finds that complete disgorgement of the $9,747.27 received in the one-year prior to the Petition Date is appropriate.

        **THEREFORE**, it is hereby **ORDERED** that

        1.        The Motion for Summary Judgment is denied.

        2.        The Motion to Examine is GRATED, in part. Within 21 days of entry of this Memorandum Opinion, Mr. Sternberg shall disgorge $9,747.27 to the Debtor and shall provide written certification of such payment to the United States Trustee. The balance of the Motion to Examine is denied, without prejudice.

[Signed and dated above.]

Service to: recipients of electronic notice; Debtor; Mr. Sternberg.